UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPHINE ORTEGA and WENBO YUAN,<br><br>    Plaintiffs,<br>  v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendants. | Case No.: C 11-4031 PSG<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>**(Re: Docket Nos. 88, 89, 90, 96)** |

  Before the court are the parties' in limine motions. Defendant Regents of the University of California ("Regents") have brought four motions in limine. Plaintiffs Josephine Ortega ("Ortega") and Wenbo Yuan ("Yuan") (collectively, "Plaintiffs") oppose three of Regents' motions in limine, but have brought none of their own. On February 12, 2013, the parties appeared for a hearing on the motions. Having reviewed the papers and considered the arguments of counsel,

  IT IS HEREBY ORDERED that Regents' first motion in limine to exclude evidence of speculative damages is GRANTED-IN-PART.

  Although Regents seeks to broadly exclude evidence of "all speculative damages," Regents' motion specifically requests to exclude (1) evidence of Plaintiffs' economic loss dating from 2007, (2) evidence of Plaintiffs' economic loss based on anything other than Felix Ang's

1

Case No.: 11-4031 PSG
ORDER ON MOTIONS IN LIMINE

("Ang") salary, (3) evidence of future wage loss for "loss of career opportunities" beyond that of the Director of Architectural Services position, and (4) evidence of Yuan's future wage loss after she left the University of California, Santa Cruz ("UCSC").

Regarding Regents' first specific request, Plaintiffs concede this evidence is irrelevant in light of the court's order granting summary judgment on all failure-to-promote claims prior to 2010 and represent that they do not seek to introduce such evidence. This request is therefore granted.

Regarding Regents' second specific request, at the pretrial conference, Regents agreed to withdraw the request.

Regarding Regents' third specific request, Regents argues that it is too speculative for Plaintiffs to assume that they would have "continued receiving promotions and advancements," "remained at UCSC," and "continued working at UCSC until retirement," and that they would not continue to be promoted in their current positions.[1] The court disagrees. Plaintiffs are entitled to present evidence as to future wage loss because awards of front pay are appropriate when it is not possible to reinstate the plaintiff.[2] The Ninth Circuit has held that calculations of front pay should take into account Plaintiffs' projected career path and must be reduced by reasonable mitigation, including any future employment.[3] With that understanding, nothing precludes testimony on Plaintiffs' projected career paths at UCSC but for the alleged discrimination.[4] Plaintiffs may present evidence that they would have continued to receive promotions and advancements based on

---

[1] Docket No. 88 at 7.

[2] *See Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1156 (9th Cir. 1999); *Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007).

[3] *Gotthardt*, 191 F.3d at 1157.

[4] *See Gotthardt*, 191 F.3d at 1157 (holding that the district court did not err in concluding, based on plaintiff's career path, age, and reasonable mitigation, that plaintiff was entitled to eleven years of front pay).

2
Case No.: 11-4031 PSG
ORDER ON MOTIONS IN LIMINE

their past work records. It is up to the jury to decide whether Plaintiffs' assumptions are reasonable.[5]

Regarding Regents' fourth specific request, Regents asserts that Yuan should be precluded from bringing evidence of future wage loss after leaving UCSC because she now earns a higher salary than Ang's salary as Director. Ang's salary is not the counterpoint, however, so the fact that Yuan now earns more than Ang is not dispositive. Yuan is entitled to bring evidence of her future wage loss, dating from Ang's promotion in 2010. Of course, any future wage loss must be offset by any reasonable mitigation, including her current earnings. But nothing precludes Yuan from arguing she would have earned more had she been promoted in place of Ang in 2010.

IT IS FURTHER ORDERED that Regents' second motion in limine to exclude evidence and testimony regarding Dr. Ogus' "Case I" scenario is GRANTED.

Dr. Ogus, Plaintiffs' expert economist, calculated two scenarios for Plaintiffs' economic loss. The "Case I" scenario computes Plaintiffs' losses with the assumption that Plaintiffs would have been promoted on October 1, 2007. As the court granted summary judgment on all claims occurring before June 15, 2010,[6] this scenario is no longer relevant. Plaintiffs do not oppose this motion and agree they will not offer evidence of wage loss regarding incidents prior to 2010.[7]

IT IS FURTHER ORDERED that Regents' third motion in limine to exclude evidence of prior lawsuits against the Regents is DENIED.

Regents seeks to exclude "any prior lawsuits against the Regents." At the hearing, Regents' confirmed that its primary concern is past gender discrimination lawsuits, which might unfairly

---

[5] Regents asserts that Ortega testified in her deposition that she was seeking $500,000 in future economic loss, and could not say how she arrived at that number. *See* Docket No. 88 at 4. The court has no way of knowing if Ortega intends to submit similar testimony at trial. To the extent that economic loss claims are not supported, the court will entertain appropriate objections at trial.

[6] *See* Docket No. 71.

[7] *See* Docket No. 91.

3

Case No.: 11-4031 PSG
ORDER ON MOTIONS IN LIMINE

prejudice Regents under Rule 403. Plaintiffs, in turn, respond that while they do not intend to bring in evidence of other discrimination suits, if Regents claims it was sued due to projects managed by Plaintiffs, Plaintiffs may need to bring evidence of other construction-related lawsuits against Regents to show other male project managers experienced similar litigation issues. Without knowing which specific lawsuits may be presented, the court finds that an exclusion of "any prior lawsuits against the Regents" is overbroad. Some lawsuits may be relevant to the issues at hand – some may not. The court welcomes the parties to bring further objections at a time when the evidence can be specifically identified.

IT IS FURTHER ORDERED that Regents' fourth motion in limine to exclude witnesses not previously disclosed is DENIED as to Rodenwald and GRANTED as to Atkinson, Cunnife, Sheesley, and Hill.

Rule 26(a)(1)(A)(i) requires a party to disclose to other parties the names of any individuals "likely to have discoverable information." If a party does not initially disclose the identity of such a person, the party "is not allowed to use that information or witness to supply evidence of a motion at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[8] Regents challenges that Plaintiffs did not make initial disclosures for several witnesses on their list: Elizabeth Atkinson ("Atkinson"), Ortega's partner; Vicki Cunnife, Yuan's friend; Michael Sheesley, colleague of investigator Deborah Allison; Kay Hill, Contracts Manager at UCSC; and Rick Rodenwald, UCSC Campus Fire Marshall.

The party who failed to disclose has the burden of proving the error was substantially justified or harmless.[9] Although Plaintiffs argue Regents should have known these witnesses had discoverable information, the fact remains that Regents was not aware until pretrial disclosures that

---

[8] Fed. R. Civ. P. 37(c)(1). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

[9] *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

4

Case No.: 11-4031 PSG
ORDER ON MOTIONS IN LIMINE

Plaintiffs planned to call these witnesses.  Regents has no obligation to depose every witness likely to have discoverable information.[10]  Had the witnesses been disclosed, Regents argues it would have deposed them.  Plaintiffs have not met their burden of showing that Regents will not be harmed by disclosure at this late date with no opportunity to depose.

Plaintiffs contend that Rick Rodenwald will only testify as a rebuttal witness should Regents introduce information of code violations by Plaintiffs.  In light of this representation, to that extent Rodenwald's testimony may be presented, but only to rebut testimony.

IT IS SO ORDERED.

Dated: February 15, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[10] Plaintiffs' opposition cites a single case, *El Ranchito, Inc.*, *v. City of Harvey*, 207 F.Supp.2d 814, 818 (N.D. Ill. 2002), in support of their contention that the failure to disclose a potential witness should be held harmless where the witnesses were known to the defendant.  This case is inapposite.  In *El Ranchito*, the two undisclosed witnesses were "main actors" and witnesses of the events of the case and thus "obvious subjects" for deposition.  This is not the case here for any of the undisclosed witnesses, who appear at best to be peripheral to the events of this case.